IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| DECAMARON WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO.: 7:15-CV-172 (WLS) |
| | : | |
| MIKE DEWEY, in his official capacity as SHERIFF, BROOKS COUNTY, GEORGIA, | : : : | |
| | : | |
| Defendant. | : : | |

## ORDER

Plaintiff Decamaron Williams filed a Complaint in the above-styled case on September 15, 2015 and subsequently amended his Complaint on October 5, 2015. (Docs. 1, 3.) Williams brings claims against Defendant Mike Dewey in his official capacity as Sheriff of Brooks County, Georgia. Those claims allege race discrimination in violation of Title VII, 42 U.S.C. §§ 2000e *et seq.*, 1981a, and 1983 and disability discrimination claims in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101. On November 23, 2015, Dewey moved to dismiss the complaint in its entirety, asserting that Defendant Mike Dewey, in his official capacity, is entitled to Eleventh Amendment immunity. (Doc. 7.) On December 17, 2015, Plaintiff Williams responded, conceding that his claim for legal damages should be dismissed but asserting that his claims for equitable relief, including reinstatement, front pay in lieu of reinstatement, and interim front pay for the period between trial and reinstatement, are not barred by sovereign immunity. (Doc. 9.) The Court ordered Defendant Dewey to file a reply, and Dewey did so on January 22, 2016. (Doc. 12.)

## DISCUSSION

### I. Motion to Dismiss Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted. A motion to dismiss a

plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim to relief that is plausible, and not merely conceivable, on its face. *Twombly*, 550 U.S. at 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Secs. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007)).

While the Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the [p]laintiff," *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003), in evaluating the sufficiency of a plaintiff's pleadings the Court must "make reasonable inferences in [p]laintiff's favor, 'but [is] not required to draw [p]laintiff's inference.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (quoting *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005)), (abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 132 S. Ct. 1702 (2012)). The Supreme Court instructs that in considering a motion to dismiss "a court must accept as true all of the allegations contained in a complaint"; this principle, however, "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555, for the proposition that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in a complaint).

**II.    Analysis**

Plaintiff Williams brings claims against Defendant Dewey in his official capacity under Title VII, 42 U.S.C. § 1983, and the Americans with Disabilities Act. (Doc. 3.) Williams concedes that his claims for legal damages against Defendant Dewey should be dismissed. (Doc. 9 at 1.) However, the Court cannot overlook Eleventh Circuit and Supreme Court precedent holding that Congress abrogated Eleventh Amendment immunity from Title VII suits, thus allowing state officials in their official capacity to be sued for money damages for violating Title VII. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 447-48 (1976); *In re Emp't Discrimination*

*Litigation against State of Ala.*, 198 F.3d 1305, 1317 (11th Cir. 1999 (citing *Fitzpatrick* and holding, "Given this clear precedential guidance, we have no hesitation in concluding that Congress unequivocally expressed its intent to abrogate the states' Eleventh Amendment immunity when it amended Title VII to cover state and local governments"). However, no such holdings have been made as to § 1983 and the ADA. The Court therefore **DENIES-IN-PART** Dewey's Motion to Dismiss (Doc. 7) as to Williams' legal damages and equitable relief claims under Title VII. However, because there is no binding precedent holding that Congress abrogated the Eleventh Amendment as to the ADA and § 1983 and because legal damages paid from the state treasury as recompense for past injury are barred by the Eleventh Amendment, the Court **GRANTS-IN-PART** Williams' Motion to Dismiss as to Williams' claims for legal damages under § 1983 and the ADA. *Edelman v. Jordan*, 415 U.S. 651, 666-68 (1974). The Court now proceeds to consider whether Williams' claims for equitable relief under § 1983 and the ADA are subject to dismissal.

### A. Whether the Equitable Relief Williams Seeks Is Barred by the Eleventh Amendment

In his amended complaint, Williams seeks equitable relief in the forms of reinstatement, front pay in lieu of reinstatement, and interim front pay for the period between trial and reinstatement. (Docs. 3 at 5-6; 9 at 2.) Williams contends that those claims are prospective and are not barred by the Eleventh Amendment. (Doc. 9.) Where a state is entitled to Eleventh Amendment sovereign immunity, a plaintiff may only seek equitable relief if it is prospective, that is if it remedies the past injustice in the future rather than through recompense paid out of the state's treasury. *Edelman*, 415 U.S. at 666-68.

In *Lane v. Central Alabama Community College*, the Eleventh Circuit clearly reiterated its prior holdings that "requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment." 772 F.3d 1349, 1351 (11th Cir. 2014) (citing *Cross v. Ala. State Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1503 (11th Cir. 1995); *Lassiter v. Ala. A&M Univ., Bd. of Trs.*, 3 F.3d 1482, 1485 (11th Cir. 1993), *vacated on other grounds*, 28 F.3d 1146 (11th Cir. 1994)). *Lane* involved a former community college president's claim for First

Amendment retaliation under § 1983. The Court finds that *Lane* is binding precedent and applicable to this case, and therefore **DENIES-IN-PART** Dewey's Motion to Dismiss (Doc. 7) as to Williams' § 1983 and ADA claims for injunctive relief in the form of reinstatement.

Finally, as to whether Williams' claims for front pay in lieu of reinstatement and interim front pay under § 1983 and the ADA constitute prospective relief or would be barred by the Eleventh Amendment, the Court does not find any Eleventh Circuit cases explicitly addressing the issue. However, a number of other Circuits and lower courts have concluded that front pay awards are neither prospective nor equitable relief and are therefore barred by state sovereign immunity. *Campbell v. Ark. Dep't of Corr.*, 155 F.3d 950, 962 (8th Cir. 1998); *Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 696-97 (3d Cir. 1996); *Freemnan v. Mich. Dep't of State*, 808 F.2d 1174, 1179 (6th Cir. 1987); *Ponsell v. Royal*, No. CV 514–042, 2015 WL 1223994 at *4 (S.D. Ga. Mar. 17, 2015); *Wood v. Dixon*, No. 13–0278–KD–N, 2013 WL 6183143 at *3 n.3 (S.D. Ala. Nov. 26, 2013); *Pechon v. La. Dep't of Health and Hosp.*, No. 08–0664, 2009 WL 2046766 at *10 (E.D. La. July 14, 2009). Those courts concluded that though front pay is sometimes awarded as an alternative to the equitable remedy of reinstatement, it is not analogous for Eleventh Amendment purposes because "it must be paid from public funds in the state treasury." *Campbell*, 155 F.3d at 962 (quoting *Edelman*, 415 U.S. at 663). This Court concurs and therefore holds that claims made against a state or an "arm of the state" for front pay in lieu of reinstatement and front pay between trial and reinstatement under the ADA and § 1983 are barred by the Eleventh Amendment. The Court must therefore proceed to consider whether Defendant Dewey is an "arm of the State" for Eleventh Amendment purposes.

**B. Whether Dewey is an "Arm of the State"**

"Eleventh Amendment immunity bars suits brought in federal court when the "State itself is sued and when an 'arm of the State' is sued." *Manders v. Lee,* 338 F.3d 1304, 1308 (11th Cir. 2003). In *Manders*, the Eleventh Circuit laid out four factors courts should use to determine whether an entity acts as an arm of the state when carrying out a particular function. *Id.* at 1309. Recently, in *Pelliteri v. Prine*, the Eleventh Circuit considered whether a district court

4

rightfully denied a Georgia county sheriff's motion to dismiss a plaintiff's § 1983 and ADA claims where the sheriff argued Eleventh Amendment immunity. The Eleventh Circuit reversed the district court's order, holding that a Georgia sheriff in his official capacity "enjoys Eleventh Amendment immunity against [plaintiff's] wrongful termination claims brought against him in his official capacity under § 1983 and the ADA." 776 F.3d 777, 783 (11th Cir. 2015). The court considered the *Manders* factors and found that three of the four weighed in favor of sovereign immunity. *Id.* The court concluded that a Georgia sheriff acts as an "arm of the state" when he exercises his hiring and firing duties. *Id.* at 780, 783. Since Defendant Dewey is a county sheriff in the State of Georgia and is sued for actions he took in performing his hiring and firing duties just like the defendant in *Pelliteri*, the Court finds, based on the *Pelliteri* precedent, that as to Williams' claims for front pay under the ADA and § 1983, Dewey acted as an "arm of the state" and is therefore entitled to sovereign immunity. The Court therefore **GRANTS-IN-PART** Dewey's Motion to Dismiss (Doc. 7) as to Williams' ADA and § 1983 claims for front pay.

## CONCLUSION

In sum, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendant Dewey's Motion to Dismiss (Doc. 7). Plaintiff Williams' claims for damages and front pay under the ADA and § 1983 are **DISMISSED**. Williams' Title VII claims for damages and equitable relief and his ADA and § 1983 claims for reinstatement remain. The stay on discovery is hereby lifted, and this case will be noticed for a Scheduling Conference by separate Order.

**SO ORDERED**, this 8th day of March, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**